JAY CLAYTON
United States Attorney for the
Southern District of New York
Attorney for Defendant
By: ILAN STEIN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: 212.637.2525
Email: ilan.stein@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DOCUMENTED NY, | |
| Plaintiff, | **ANSWER** |
| v. | 25 Civ. 4342 (ER) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CUSTOMS AND BRODER PROTECTION, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | |
| Defendants. | |

Defendants the U.S. Department of Homeland Security ("DHS"), U.S. Customs and Border Protection ("CBP"), and U.S. Immigration and Customs Enforcement ("ICE," and together with DHS and CBP, the "Defendants"), by their attorney, Jay Clayton, United States Attorney for the Southern District of New York, answer Plaintiff's complaint on information and belief as follows:

1.  Paragraph 1 of the complaint constitutes Plaintiff Documented NY's ("Plaintiff") characterization of this action to which no response is required.

2.  The allegations contained in Paragraph 2 of the complaint do not set forth a claim for relief or aver facts in support of a claim; therefore, no response is required. To the extent that a response is required, Defendants aver that the allegations purport to characterize their view of a

federal statute. The statute speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the cited statute and deny the allegations to the extent they are inconsistent therewith.

3. The allegations contained in Paragraph 3 of the complaint do not set forth a claim for relief or aver facts in support of a claim; therefore, no response is required. To the extent that a response is required, Defendants aver that the allegations purport to characterize findings made by the DHS Secretary, memorialized at 90 Fed. Reg. 8399, 8400-01 (Jan. 29, 2025). The relevant portion of the Federal Register speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the cited portion of the Federal Register and deny the allegations to the extent they are inconsistent therewith.

4. The allegations contained in Paragraph 4 of the complaint do not set forth a claim for relief or aver facts in support of a claim; therefore, no response is required. To the extent that a response is required, Defendants aver that the allegations purport to characterize findings made by the DHS Secretary, memorialized at 90 Fed. Reg. 8399, 8403 (Jan. 29, 2025). The relevant portion of the Federal Register speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the cited portion of the Federal Register and deny the allegations to the extent they are inconsistent therewith.

5. The allegations contained in Paragraph 5 of the complaint do not set forth a claim for relief or aver facts in support of a claim; therefore, no response is required. To the extent that a response is required, Defendants aver that the allegations appear to characterize the Memorandum of Understanding referenced therein. The Memorandum of Understanding speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the

cited Memorandum of Understanding and deny the allegations to the extent they are inconsistent therewith.

6. The allegations contained in Paragraph 6 of the complaint do not set forth a claim for relief or aver facts in support of a claim; therefore, no response is required.

7. Paragraph 7 of the complaint constitutes Plaintiff's characterization of its motives for filing the FOIA requests at issue in this litigation to which no response is required. To the extent a response is required, Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegation.

8. Paragraph 8 of the complaint constitutes Plaintiff's characterization of its motives for filing the instant lawsuit to which no response is required. To the extent a response is required, Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegation.

9. Paragraph 9 of the complaint contains legal conclusions regarding jurisdiction to which no response is required. To the extent a response is required, Defendants admit that they are federal agencies within the meaning of 5 U.S.C. § 552(f)(1), and deny the remaining allegations.

10. Paragraph 10 of the complaint contains legal conclusions regarding venue to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this judicial district.

11. Defendants lack the knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11.

12. Admit.

13. Admit.

14. Admit.

15.     The allegations contained in Paragraph 15 of the complaint do not set forth claims for relief or aver facts in support of a claim; therefore, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the legislative history of the referenced statute for information about the reasons for its enactment.

16.     The allegations contained in Paragraph 16 of the complaint do not set forth claims for relief or aver facts in support of a claim; therefore, no response is required. To the extent that a response is required, Defendants aver that the allegations purport to quote from a statute. The statute speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the cited statute and deny the allegations to the extent they are inconsistent therewith.

17.     The allegations contained in Paragraph 17 of the complaint do not set forth claims for relief or aver facts in support of a claim; therefore, no response is required. To the extent that a response is required, Defendants aver that the allegations appear to characterize a Memorandum of Understanding referenced therein. The Memorandum of Understanding speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the cited Memorandum of Understanding and deny the allegations to the extent they are inconsistent therewith.

18.     The allegations contained in Paragraph 18 of the complaint do not set forth claims for relief or aver facts in support of a claim; therefore, no response is required. To the extent that a response is required, Defendants aver that the allegations appear to characterize a Memorandum of Understanding and a section of the Federal Register referenced therein. The Memorandum of Understanding and the relevant portion of the Federal Register speak for themselves and are the best evidence of their contents. Defendants respectfully refer the Court to the cited Memorandum of Understanding and Federal Register and deny the allegations to the extent they are inconsistent therewith.

19. The allegations contained in Paragraph 19 of the complaint do not set forth claims for relief or aver facts in support of a claim; therefore, no response is required.

20. The allegations contained in Paragraph 20 of the complaint do not set forth claims for relief or aver facts in support of a claim; therefore, no response is required. To the extent that a response is required, Defendants aver that the allegations purport to characterize a statement made by the DHS Secretary, memorialized at 90 Fed. Reg. 8399, 8400-03 (Jan. 29, 2025). The relevant portion of the Federal Register speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the cited portion of the Federal Register and deny the allegations to the extent they are inconsistent with that.

21. The allegations contained in Paragraph 21 of the complaint do not set forth claims for relief or aver facts in support of a claim; therefore, no response is required. To the extent that a response is required, Defendants aver that the allegations purport to characterize the views expressed in media reports. The relevant media reports speak for themselves and are the best evidence of their contents. Defendants respectfully refer the Court to the cited media reports and deny the allegations to the extent they are inconsistent with them.

22. The allegations contained in Paragraph 22 of the complaint do not set forth claims for relief or aver facts in support of a claim; therefore, no response is required.

23. The allegations contained in Paragraph 23 of the complaint do not set forth claims for relief or aver facts in support of a claim; therefore, no response is required. To the extent that a response is required, Defendants aver that the allegations purport to characterize a request made by the DHS Secretary, memorialized at 90 Fed. Reg. 8399, 8403 (Jan. 29, 2025). The relevant portion of the Federal Register speaks for itself and is the best evidence of its contents. Defendants

respectfully refer the Court to the cited portion of the Federal Register and deny the allegations to the extent they are inconsistent with that.

24. The allegations contained in Paragraph 24 of the complaint do not set forth claims for relief or aver facts in support of a claim; therefore, no response is required. To the extent that a response is required, Defendants aver that the allegations appear to characterize the Memorandum of Understanding referenced therein. The Memorandum of Understanding speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the cited Memorandum of Understanding and deny the allegations to the extent they are inconsistent therewith.

25. The allegations contained in Paragraph 25 of the complaint do not set forth claims for relief or aver facts in support of a claim; therefore, no response is required. To the extent that a response is required, Defendants aver that the allegations appear to characterize the Memorandum of Understanding referenced therein. The Memorandum of Understanding speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the cited Memorandum of Understanding and deny the allegations to the extent they are inconsistent therewith.

26. The allegations contained in Paragraph 26 of the complaint do not set forth claims for relief or aver facts in support of a claim; therefore, no response is required.

27. Admit that Plaintiff submitted FOIA requests on February 26, 2025. Defendants respectfully refer the Court to those FOIA requests for a complete and accurate reading of their contents and deny any allegations inconsistent therewith.

28. Admit that Plaintiff sought expedited processing of their FOIA requests. Defendants respectfully refer the Court to those requests for a complete and accurate reading of their contents and deny any allegations inconsistent therewith.

29. The allegations contained in Paragraph 29 of the complaint do not set forth a claim for relief or aver facts in support of a claim; therefore, no response is required. To the extent that a response is required, Defendants aver that the allegations purport to characterize Plaintiff's FOIA requests and the media articles cited therein, which speak for themselves. Defendants respectfully refer the Court to the FOIA requests and the cited articles for a complete and accurate reading of their contents. Defendants deny any allegations inconsistent therewith.

30. Admit that Plaintiff sought fee waivers for its FOIA requests. Defendants respectfully refer the Court to those requests for a complete and accurate reading of their contents and deny any allegations inconsistent therewith.

31. The allegations contained in Paragraph 31 purport to characterize the basis for Plaintiff's requested fee waivers in their FOIA requests, which speak for themselves. Defendants respectfully refer the Court to those requests that Plaintiff for a complete and accurate reading of their contents and deny any allegations inconsistent therewith.

32. Admit.

33. Deny.

34. Admit.

35. Admit.

36. Admit that CBP has made no determination on the merits of the CBP Request; deny the remaining allegations in Paragraph 36 of the complaint.

37. The allegations in Paragraph 37 of the complaint constitute legal conclusions to which no response is required.

38. Admit.

39. Admit that ICE closed the FOIA request and referred it to DHS for processing in a letter that included the quoted language in Paragraph 39 of the complaint; deny the remaining allegations contained in this paragraph and respectfully refer the Court to the letter referenced therein for a complete and accurate description of its contents.

40. Admit, and respectfully refer the Court to the correspondence referenced therein for a complete and accurate description of its contents.

41. Admit.

42. Admit, and respectfully refer the Court to the correspondence referenced therein for a complete and accurate description of its contents.

43. Admit, and respectfully refer the Court to the correspondence referenced therein for a complete and accurate description of its contents.

44. Admit.

45. Defendants admit that ICE has not yet made a determination on the merits of the Plaintiff's FOIA request or on the requests for a fee waiver and expedited processing.

46. The allegations in Paragraph 46 of the complaint constitute legal conclusions to which no answer is required.

47. Admit.

48. Admit that DHS contacted Plaintiff on February 28, 2025, and respectfully refer the Court to the correspondence referenced in Paragraph 48 of the complaint for a complete and accurate description of its contents.

49. Admit.

50. Admit that DHS closed the FOIA request on March 7, 2025. Defendants respectfully refer the Court to the correspondence referenced in Paragraph 50 of the complaint for a complete and accurate description of its contents, and deny any allegations inconsistent therewith.

51. Admit that Plaintiff sent an inquiry to DHS on March 7, 2025. Defendants respectfully refer the Court to the correspondence referenced in Paragraph 51 of the complaint for a complete and accurate reading of its contents, and deny any allegations inconsistent therewith.

52. Admit that DHS reopened the FOIA request on March 11, 2025. Defendants respectfully refer the Court to the correspondence referenced in Paragraph 52 of the complaint for a complete and accurate reading of its contents, and deny any allegations inconsistent therewith.

53. Deny the allegations in Paragraph 53 of the complaint, and aver that DHS granted a conditional fee waiver on February 28, 2025, and began to search for records potentially responsive to Plaintiff's FOIA request before the initiation of the instant litigation.

54. The allegations contained in Paragraph 54 of the complaint constitute legal conclusions to which no response is required.

55. Defendants incorporate by reference their responses to paragraphs 1-54.

56. The allegations in Paragraph 56 of the complaint constitute legal conclusions to which no response is required.

57. The allegations in Paragraph 57 of the complaint constitute legal conclusions to which no response is required.

58. Deny.

59. Deny.

60. Defendants incorporate by reference their responses to paragraphs 1-54.

61. The allegations in Paragraph 61 of the complaint constitute legal conclusions to which no response is required.

62. Deny.

63. Defendants incorporate by reference their responses to paragraphs 1-54.

64. The allegations in Paragraph 64 of the complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations.

65. The allegations in Paragraph 65 of the complaint constitute legal conclusions to which no response is required.

66. Deny.

67. Defendants incorporate by reference their responses to paragraphs 1-54.

68. The allegations in Paragraph 68 of the complaint constitute legal conclusions to which no response is required.

69. Admit.

70. Deny.

71. Defendants incorporate by reference their responses to paragraphs 1-54.

72. The allegations in Paragraph 72 of the complaint constitute legal conclusions to which no response is required.

73. Deny.

74. The remainder of the complaint consists of Plaintiff's prayer for relief to which no response is required. To the extent a response is deemed required, deny that Plaintiff is entitled to the relief that it seeks or to any relief.

**DEFENSES**

All allegations in the complaint that are not specifically admitted are denied. For further defenses, Defendants allege as follows:

**FIRST DEFENSE**

Plaintiff's complaint should be dismissed in whole or in part for failure to state a claim on which relief may be granted.

**SECOND DEFENSE**

Some or all of the requested documents or information are exempt from disclosure, in whole or in part, under 5 U.S.C. § 552(b).

**THIRD DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

**FOURTH DEFENSE**

Plaintiffs are not entitled to declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

**FIFTH DEFENSE**

Plaintiffs are not entitled to attorney fees under 5 U.S.C. § 552(a)(4)(E).

**SIXTH DEFENSE**

Plaintiff is not entitled to expedited processing of their FOIA requests under 5 U.S.C. § 552(a)(6)(E).

**SEVENTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' responses to the FOIA requests at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court

should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dept't. of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA Complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiff' complaint that they would not otherwise be required to answer, and that are not material to Plaintiff' FOIA claim, would prejudice Defendants."); *Roberts v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 33714800, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding the plaintiff's "allegations are irrelevant to the validity of [[his] FOIA claims").

## EIGHTH DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more exclusions or exemptions to the FOIA or Privacy Act, 5 U.S.C. § 552a, where disclosure would cause foreseeable harm.

## NINTH DEFENSE

Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

\* \* \*

Defendants may have additional defenses which are not known at this time but which may become known through further proceedings. Accordingly, Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE Defendants respectfully request that the Court: (1) dismiss the complaint with prejudice; (2) enter judgment in favor of Defendants; and (3) grant such further relief as the Court deems just and proper.

Dated: New York, New York
July 9, 2025

                                                    JAY CLAYTON
                                                    United States Attorney for the
                                                    Southern District of New York
                                                    Attorney for Defendants

By:   /s/ Ilan Stein
       ILAN STEIN
       Assistant United States Attorney
       86 Chambers Street, 3rd floor
       New York, New York 10007
       Telephone: (212) 637-2525
       Email: ilan.stein@usdoj.gov

To:     Plaintiff's counsel (via ECF)